UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **EDCV 21-1080 JGB (SHKx)** | Date | September 6, 2022 |
| Title | ***Shawn Bedwell v. LHE Heritage Village, LLC et al.*** | | |

Present: The Honorable   JESUS G. BERNAL, UNITED STATES DISTRICT JUDGE

| MAYNOR GALVEZ | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

Attorney(s) Present for Plaintiff(s):   Attorney(s) Present for Defendant(s):

None Present   None Present

**Proceedings:**   Order to Show Cause (IN CHAMBERS)

The amended complaint filed in this action asserts a claim for injunctive relief arising out of an alleged violation of the Americans with Disabilities Act ("ADA") and a claim for damages pursuant to California's Unruh Civil Rights Act ("Unruh Act"), among other state-law claims. (See "Amended Complaint," Dkt. No. 19.) It appears that the Court possesses only supplemental jurisdiction over the Unruh Act claim, and any other state-law claim that Plaintiff may have alleged, pursuant to the Court's supplemental jurisdiction. See 28 U.S.C. § 1367(a).

The supplemental jurisdiction statute "reflects the understanding that, when deciding whether to exercise supplemental jurisdiction, 'a federal court should consider and weigh in each case, and at every stage of the litigation, the values of judicial economy, convenience, fairness, and comity.'" City of Chicago v. Int'l Coll. of Surgeons, 522 U.S. 156, 173 (1997) (emphasis added) (quoting Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 (1988)). Therefore, the Court orders Plaintiff to show cause in writing why the Court should exercise supplemental jurisdiction over the Unruh Act claim and any other state-law claim asserted in the Amended Complaint. See 28 U.S.C. § 1367(c).

In responding to this Order to Show Cause ("OSC"), Plaintiff shall identify the amount of statutory damages that Plaintiff seeks to recover. Plaintiff and Plaintiff's counsel shall also support their responses to the OSC with declarations, signed under penalty of perjury, providing all facts necessary for the Court to determine if they satisfy

the definition of a "high-frequency litigant" as provided by California Civil Procedure Code Sections 425.55(b)(1)-(b)(2).  **Plaintiff shall file a Response to this OSC no later than Wednesday, September 14, 2022**.

      Failure to timely or adequately respond to this OSC may, without further warning, result in the dismissal of the entire action without prejudice or the Court declining to exercise supplemental jurisdiction over the Unruh Act and other state-law claims, if any, and the dismissal of any such claims pursuant to 28 U.S.C. Section 1367(c).

      **IT IS SO ORDERED.**